FILED
SUPERIOR COURT
OF GUAM

2024 JAN -3 PM 2:32

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO. CF0446-23** |
| **Plaintiff,** | |
| **vs.** | **DECISION AND ORDER** |
| **ARTHUR U. SAN AGUSTIN and MASATOMO NADEAU,** | **GRANTING DEFENDANT'S RENEWED STATEMENT OF OBJECTION** |
| **Defendants,** | **7 G.C.A §6107** |

Subsequently this matter came before the Honorable John C. Terlaje, sitting in limited capacity as a disqualification judge, on December 26th, 2023, for a hearing upon Masatomo Nadeau's Verified Joinder in Arthur U. San Agustin's Renewed Statement of Objection to Competency ("Renewed Objection"). Arthur U. San Agustin ("Defendant") is represented by Joaquin C. Arriola, Jr. Masatomo Nadeau ("Defendant") is represented by G. Patrick Civille. Defendants object to the Honorable Alberto C. Lamorena III ("Presiding Judge Lamorena") presiding over this case due to Presiding Judge Lamorena's relationship with Governor of Guam, Lourdes A. Leon Guerrero ("Governor Guerrero") and her family.

Upon review of the record at this time, the Presiding Judge was correct in his analysis of the First Objection that he should not be disqualified as the record was limited by the filing. The record has subsequently been added upon by the parties, however, and based on the relevant law

and authorities the Court now issues the following decision and order **GRANTING** Defendants' Renewed Objection.

## BACKGROUND

A criminal case was brought by the People against San Agustin and co-defendant, Masatomo Nadeau. Resp't's Resp. to Pet. ¶ 2 (Oct. 20, 2023). Initially, San Agustin faced charges, including three counts of tampering with Government Records (3rd Degree Felony), one count of Official Misconduct (Misdemeanor), and one count of Obstructing Government Functions (Misdemeanor) all linked to his tenure as Director of the Guam Department of Public Health and Social Services. V. Pet. ¶ 5 (Oct. 11, 2023).

On August 2, 2023, the case was assigned to Presiding Judge Lamorena. Notice of Judge Assignment (Aug. 2, 2023). On August 22, 2023, Defendant filed a Statement of Objection [7 G.C.A. § 6107] ("First Objection"), which argued for Presiding Judge Lamorena's disqualification because the Presiding Judge "is biased in favor of [Attorney General] Moylan and thus the People of Guam." Def.'s 1st Obj. ¶ 6 (Aug. 22, 2023). Presiding Judge Lamorena filed an Answer to the First Objection, denying Defendant's allegations. Ans. to Stmt. of Obj. (Aug. 25, 2023). The issue ultimately reached the Guam Supreme Court, which ruled in favor of Presiding Judge Lamorena. *See In Re Arthur U. San Agustin v. Superior Court of Guam v. People of Guam v. Masatomo Nadeau*; Supreme Court Case No. WRP23-002. On October 2, 2023, however, Defendant filed a Renewed Objection, now arguing that Presiding Judge Lamorena must be disqualified from this case due to his personal relationship with the Leon Guerrero family. Defendant cites another recent criminal case, *People of Guam v. Richard Y*

2

*Ybanez, et al.;* Criminal Case No. CF0447-23 (hereafter, *"Ybanez* case"), where Presiding Judge Lamorena disqualified himself based on his relationship with the Leon Guerrero family.

Defendant asserts that this case will "involve even closer analysis of the inner-workings of the Government of Guam and Governor Leon Guerrero's administration" than the *Ybanez* case. Renewed Obj. ¶ 3. Defendant notes that he was appointed by Governor Leon Guerrero to be the Director of the Department of Public Health and Social Services ("DPHSS"), which is "a line agency in the Executive Branch of the Government of Guam ... under the direct supervision" of Governor Leon Guerrero. *Id.* ¶ 2. Based on these assertions, Defendants believe that Presiding Judge Lamorena should be disqualified as he was in *Ybanez*. Presiding Judge Lamorena disagrees and contends that, "the facts and issues in this case are sufficiently different from those in [the *Ybanez* case] to remove any suggestion or appearance of bias on [his] part." Ans. ¶ 2 (Oct. 6, 2023). On December 13th, 2023, Defendant Nandeau joined Defendant San Agustin's Renewed Statement of Objection requesting that Judge Lamorena recuse himself from this matter in accordance with 7 G.C.A. § 6107. Renewed Obj. ¶ 1.

## DISCUSSION

Under 7 G.C.A. § 6105(a), a judge shall disqualify himself from "any proceeding in which his or her impartiality might reasonably be questioned[.]" To determine whether a judge's impartiality might be questioned, "what matters is not 'actual bias,' but the 'appearance of bias.'" *Van Dox v. Superior Ct.,* 2008 Guam 7 ¶ 32 (quoting *Dizon v. Superior Ct.,* 1998 Guam 3 ¶ 10 n.3). "Guam courts apply an objective, reasonable person standard in determining whether there is an appearance of bias meriting disqualification." *People v. Tennessen,* 2010 Guam 12 ¶ 49. The "reasonable person" in this analysis is someone "who knows all the facts, and

3

understands the 'contexts of the jurisdictions, parties, and controversies involved,' including such 'realities of the Guam judicial system' as the relatively small number of lawyers in the Guam bar and 'the nature of Guam families.'" *Van Dox*, 2008 Guam 7 ¶ 32 (quoting *Ada v. Gutierrez*, 2000 Guam 22 ¶¶ 12-13). Accordingly, "the reasonable person is not 'hypersensitive or unduly suspicious,' but is a 'well-informed, thoughtful observer.'" *United States v. Sierra Pacific Industries*, 759 F. Supp. 2d 1198, 1203 (E.D. Cal. 2010) (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)).

"If there is a question as to the propriety of a judge remaining on a case, it is better to err on the side of caution and in favor of recusal." *Dizon*, 1998 Guam 3 ¶ 9. But with that said, "a party's unilateral perceptions of an appearance of bias cannot be a ground for disqualification." *Sule v. Guam Board of Dental Examiners*, 2008 Guam 20 ¶ 20 (quoting *Andrews v. Agricultural Labor Relations Board*, 623 P.2d 151, 158 (Cal. 1981)). Thus, "judges should not recuse themselves solely because a party claims an appearance of partiality." *Tennessen*, 2010 Guam 12 ¶ 49 (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). Guam judges have "as strong a duty to sit when there is no legitimate reason to recuse as [they] do to recuse when the law and facts require." *Id* (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (alterations in original)).

## A. Presiding Judge Lamorena's Self-Assessment Does Not Receive Deference

In Guam, the appellate standard of review for judicial disqualification is *de novo*. We interpret the recusal statutes under this nonreferential standard. *See Van Dox v. Superior Court (Alcorn)*, 2008 Guam 7 ¶ 15 (citing *Long-Term Credit Bank of Japan v. Superior Court*, 2003 Guam 10 ¶ 28 (per curiam)). Presiding Judge Lamorena explained that in the *Ybanez* case, his

4

relationship with the Leon Guerrero family "might present the appearance of bias when ruling on whether communications directly from the Office of the Governor could be subpoenaed." Ans. ¶ 2 (Oct. 6, 2023). Presiding Judge Lamorena asserts this case does not pose a similar concern. *Id.* The Presiding Judge's own self-assessment, however, does not receive deference.

### B. The Record Here Is Not Distinguishable from the *Ybanez* Case

In disqualifying himself from the *Ybanez* case, Presiding Judge Lamorena explained:

1. This case involves close analysis of the inner-workings of the Government of Guam and Governor Lou Leon-Guerrero's [sic] administration.
2. I have a close relationship with the Leon-Guerrero [sic] family. This relationship may provoke speculation and doubt in a reasonable person regarding the undersigned's partiality as the assigned judge in the current matter. That, in turn, raises reasonable questions in the minds of litigants and the public about the fairness of the proceedings and the overall integrity of the process.
3. Based on the facts and reasons set forth above, the relationship that exists between the Leon-Guerrero [sic] family and the undersigned presents an appearance of bias and impropriety that warrants disqualification in the current matter.

Renewed Obj., Ex. B ¶ 1-2 (Sept. 26, 2023).

Regarding the present case, Presiding Judge Lamorena reasons:

The facts and issues in this case are sufficiently different from those in [the *Ybanez* case] to remove any suggestion or appearance of bias on my part. This case revolves around whether sanitary permits were properly issued to schools. The decision to issue or not issue sanitary permits lies exclusively between [DPHSS] and the Guam Department of Education. This is not a decision that the Governor's Office has any input in. Unlike [the *Ybanez* case], subpoenaing and analyzing communications from the Governor's Office will not be a central issue in this case. Therefore, my relationship with Governor Leon Guerrero's family does not suggest or present the appearance of bias should I continue to rule on this matter.

Ans. ¶ 2 (Oct. 6, 2023).

The Court begins with the general principle that disqualification is a case-specific and fact-driven inquiry. *See, e.g., Nichols,* 71 F.3d at 351 (10th Cir. 1995) Judicial disqualification is "extremely fact driven and must be judged on [its] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.") The facts in the case before us, however, are very similar to *Ybanez.* The Defendants argue convincingly that their defense will "raise issues relating to chronic understaffing and underfunding of DPHSS, the over burdening of DPHSS with mandates, the requirement that DPHSS triage among the many mandates it has been given, and the role of the Office of the Governor in addressing these issues." Def. Nadeau's Verified Joinder in San Agustin's Renewed Stmt. Of Obj. (December 13, 2023). Like the facts in *Ybanez,* "these defenses will necessarily involve examination of communications with the Office of the Governor." *Id.* Although the Presiding Judge was correct in his analysis when he initially distinguished *Ybanez* regarding the First Objection, the record has been subsequently added upon by the parties (as explained below), and the Governor's communications will indeed be subpoenaed. A reasonable person could therefore question Presiding Judge Lamorena's impartiality based on the Judge's own prior analysis in *Ybanez.*

### C. Judicial Economy Calls For Disqualification In This Case

The dual purpose of the disqualification statute is "promoting 'judicial economy' and 'fundamental fairness.'" *People v. Hull,* 820 P.2d 1036, 1040 (Cal. 1991) (in bank); *see also Johnny,* 2006 Guam 10 ¶ 21. At this time, there are no facts in the record to corroborate the Defendants' claims regarding what *will be* at issue in the case. Defendants have not filed a witness list, so it is unclear whether anyone from the Office of the Governor will be called at trial.

6

However, Defendants went on record during their hearing on December 26th, 2023, that they will subpoena the Governor's office records. The Court must confine its analysis to the record and the facts contained therein as it exists today. *See Cheney v. US. Dist. Court for Dist. Of Colombia,* 541 U.S. 913, 914 (2004) ("The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported."). Given that an imminent subpoena is on record, however, it would be a waste of this Court's resources to deny a disqualification now, only to turn around and grant the disqualification once a subpoena is properly in the record. On the contrary, the disqualification statute is meant to promote judicial economy. Therefore, in the interest of that economy, Presiding Judge Lamorena should be disqualified at this juncture, not after this Court has used up more resources.

## CONCLUSION

For the foregoing reasons, Presiding Judge Lamorena's disqualification is warranted under 7 G.C.A. § 6105(a) at this time. Accordingly, the Court hereby **GRANTS** Defendants' Renewed Objection.

**SO ORDERED**, this 2nd day of January, 2024.

_____
**HON. JOHN C. TERLAJE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
*AG, Arrilla,*
*Civil k*
Date: *1/4/24* Time: *2:42pm*
*Albert Calde*
Deputy Clerk, Superior Court of Guam